IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-76,884-01, -02 & -03






EX PARTE BRANDON KEITH STRAIT, AKA WILLIE LEE STRAIT, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 366-82126-09, 366-80925-09 & 366-80926-09 


IN THE 366TH DISTRICT COURT

FROM COLLIN COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of burglary of a habitation and one count of attempted burglary of a habitation. He was sentenced
to imprisonment for one term of fifteen years and two terms of ten years. The Fifth Court of Appeals
dismissed his appeals. Strait v. State, Nos. 05-10-00549-CR, 05-10-00550-CR & 05-10-00674-CR
(Tex. App.-Dallas Dec. 17, 2010, pet.ref'd). 

 Applicant contends, among other things, that trial counsel rendered ineffective assistance.
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 668 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. If it believes that
the record at the motion for new trial does not adequately address Applicant's claim, the trial court
shall order trial counsel to respond to Applicant's claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 Applicant appears to be represented by counsel. If he is not and the trial court elects to hold
a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent him at the hearing. Tex.
Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether: (1) counsel's
testimony at the motion for new trial hearing is credible; (2) counsel investigated mitigation and
character witnesses and, if so, why they were not called as witnesses at the punishment hearing; (3)
Applicant's claim, based on visitation and mail logs from the Collin County Detention Facility, that
counsel visited Applicant only once during an eight month period and sent no correspondence to him
is credible; (4) counsel advised Applicant during the plea or punishment hearings that he could be
sentenced to a maximum of 10 years; (5) the trial court orally admonished Applicant that the
punishment range was 2 to 10 years for these offenses and, if so, whether counsel objected; (6)
counsel advised Applicant that he could appeal his convictions or sentences; (7) counsel's conduct
rendered Applicant's pleas involuntary; and (8) counsel's performance at the punishment hearing
was deficient and Applicant was prejudiced. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. If available, copies of the
reporter's records of the guilty plea hearing, punishment hearing, and motion for new trial hearing
shall also be returned to this Court within 120 days of the date of this order. Any extensions of time
shall be obtained from this Court. 



Filed: January 11, 2012

Do not publish